IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CARLOS SANCHEZ, SR.                                            PETITIONER
Reg. #20355-047

V.                        NO. 2:13CV00001-BSM/JTR

ANTHONY HAYNES,                                                RESPONDENT
Warden, FCI-Forrest City

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Carlos Sanchez, Sr., an inmate in the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), brings this 28 U.S.C. § 2241 Petition for a Writ of Habeas

Corpus, challenging a prison disciplinary conviction. *Doc. #1*. Respondent has filed a Response. *Docs. #13*. Petitioner elected not to file a Reply. *See Doc. #14*. Thus, the issues are joined and ready for disposition.

On February 15, 2011, an FCI-FC prison officer found, in Petitioner's wallet in the back pocket of his pants, a SIM card for a cellular phone. The officer wrote an incident report charging Petitioner with the prohibited act of possessing a "hazardous tool." *Doc. #13-1, at 13.*[1] Petitioner was advised of the charge later that day.[2] *Id. at 10, 13, 24.* During a subsequent investigation, Petitioner declined to make a statement. *Id. at 14.*

On April 27, 2011, the Unit Discipline Committee (UDC) considered the disciplinary charge. Petitioner told the UDC: "I found it [the SIM card] in education and put it in my wallet." *Id. at 13, 24.* The UDC referred the matter to a Discipline Hearing Officer (DHO), notified Petitioner that he would be appearing before a DHO, and further advised him of his rights in connection with the proceedings, including the rights: to have a written copy of the charge at least twenty-four hours before his

---

[1] Respondent submitted the disciplinary documents as attachments to the Declaration of Blair Summers, a legal assistant with the Federal Bureau of Prisons (BOP) Consolidated Legal Center. *Doc. #13-1.*

[2] The disciplinary matter was suspended pending referral to the United States Attorney for possible prosecution. On April 26, 2011, the United States Attorney declined prosecution and released the incident report back to the BOP for continued administrative processing. *Id. at 11, 15-16.*

hearing; to have a staff-member represent him at the hearing; to call witnesses and present documentary evidence; and to be advised in writing of the DHO's decision and the supporting facts. *Id. at 13, 18-19*. When he received notice of the hearing, Petitioner requested another inmate as a witness. He also requested M. Jackson, Education Tech, as a staff representative. *Id. at 17-18, 24*.

On June 9, 2011, the DHO conducted a hearing on the disciplinary charge. Petitioner, his staff representative and his requested witness were present. Petitioner stated that he found the item on the ground, did not know what it was, and put it in his wallet. He stated that he was "afraid to talk to the officer" about it. *Id. at 10, 24*. Petitioner's witness stated that he did not see anything and did not know anything about the incident. *Id. at 10*. The DHO found that Petitioner had committed the charged offense and imposed thirty days of disciplinary segregation, loss of twenty-seven days of good conduct time, and loss of commissary and visitation for 180 days. *Id. at 11-12, 24*.

The DHO relied on the following evidence to support her findings:

    (1)    Photographs of the confiscated SIM card;

    (2)    The written reports of the charging officer and the investigating officer;

    (3)    The fact that Petitioner declined to give a statement to the investigating officer;

  (4) Petitioner's statement to the UDC; and

  (5) The testimony of Petitioner and his witness during the DHO hearing.

*Id.* at 11, 21.

After summarizing the evidence, the DHO stated:

> I considered your denial of this charge, specifically, your claim you did not know what the item was you picked up. It was explained to you by this DHO, if you did not know what it was, you should not have picked it up. At a minimum, you should have informed staff you had observed something on the sidewalk so the item could've been retrieved. I find it relevant you chose to pick the item up and place it in your wallet as you so indicate. Once it was placed in your wallet, and your wallet was placed in your back pocket, you were in possession of the said SIM card. It is unfortunate on your part you did not know what it was you possessed. Though you called McCouch as your witness, as he was not present during this incident, he could provide no relevant information to support your denial of this charge. The fact you had the SIM card in your possession establishes your culpability. The supporting documentation, specifically the photographs, provides compelling evidence you were in possession of a SIM card. Upon your commitment to this facility, you participated in Admission and Orientation (A&O) wherein you were advised of [BOP] rules and regulations and your responsibility to abide by these rules. You were also provided an A&O handbook which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations establishes your culpability. Possessing a SIM card is a prohibited act.
>
> Based on the written account of Officer Austen and the supporting documentation, the greater weight of evidence supports my finding you committed the prohibited act of possession of hazardous tools, Code 108.

*Id.* at 11.

The DHO then stated the following basis for the sanctions imposed:

> The action on your part to possess a hazardous tool, especially one which could be used to conduct criminal activity or aid in an escape, threatens the health and safety of all staff as well as all other inmates. Hazardous tools make it difficult to provide security for all concerned. This type of behavior will not be tolerated.
>
> ... It is intended these sanctions will have significant impact upon your future conduct and will deter you from future disciplinary action.

*Id.* at 12.

## II. Discussion

In the context of a prisoner's disciplinary conviction, due process only requires that the record contain "some evidence" to support a disciplinary decision that results in the loss of good-time credits. *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985). "Some evidence" has been construed to mean "*any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added). Under this minimal evidentiary standard, federal courts are required to defer to the judgment of prison officials in maintaining discipline in their institutions while meeting constitutional requirements. *Id.* at 456. This limited review by federal courts does not require examination of the entire record, independent assessment of credibility of witnesses, or weighing of the evidence. *Id.* at 455.

In this § 2241 action, Petitioner argues that, to satisfy *Hill*'s "some evidence"

standard, his disciplinary conviction required a determination by the DHO that he *knowingly* possessed a prohibited hazardous tool. He argues that, because the DHO expressly found that Petitioner "did not know what it was [he] possessed," the DHO improperly went on to find him guilty "in the absence of the requisite mental state; mens rea." *Doc. #1, at 9.* This argument is without merit.

At the time of the incident, the regulation governing the BOP's inmate discipline program defined a Code 108 violation as:

> Possession, manufacture, or introduction of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade).

28 C.F.R. § 541.13, table 3 (2010);[3] *see* BOP Program Statement 5270.09, table 3 (*Doc. #13-1, at 39*). The applicable version of the FCI-FC Admission and Orientation Handbook further explained:

> Be advised that the unauthorized possession, manufacture, or introduction of electronic items, and components of electronic items, such as MP3 players, chargers, cell phones, *and SIM cards*, etc., constitutes a prohibited act under the inmate discipline system. Such unauthorized possession, manufacture, or introduction may be sanctioned as, among other things, a Code 108, Possession, Manufacture, or Introduction of a Hazardous Tool, or Conduct Which

---

[3]Effective June 20, 2011, the regulation was amended to provide additional examples of "hazardous tools," including a "portable telephone, pager, or other electronic device." 28 C.F.R. § 541.3, table 1 (2011); *see* 76 Fed. Reg. 11078-01 (Mar. 1, 2011); 75 Fed. Reg. 76263-01 (Dec. 8, 2010).

> Disrupts and Interferes with the Security or Orderly Running of a BOP Facility.

*Doc. #13-1, at 26-27* (Dec. 2010) (emphasis added).

While Petitioner concedes that the SIM card is an item encompassed by Code 108's provisions, he asserts that its nature is not immediately apparent and that he did not know what it was when he picked it up. He further argues that, because prisoners are permitted to possess some electronic devices, such as radios and calculators, he had no way of knowing that he was picking up a "hazardous tool," rather than a component of an approved electronic device.

Neither Code 108 nor the explanatory language in the inmate handbook requires any evidence of a prisoner's subjective intent in possessing a prohibited item. The only necessary element is "possession" of an item that the BOP has determined has the potential to be hazardous to institutional security.

A few courts have addressed the relevance of intent in evaluating a Code 108 disciplinary conviction for possessing a "hazardous tool," holding that the prisoner's subjective intent or purpose need not be established to meet *Hill*'s "some evidence" standard. *See Carter v. Babcock*, 2011 WL 6032687, at *4 (E.D. Cal. Dec. 5, 2011) (whether a prisoner actually used a confiscated charger with a cell phone was "irrelevant," because he "was found guilty of possession of a hazardous tool, not use

of a hazardous tool"); *Booth v. Patton*, 2009 WL 1636391, at *4 (E.D. Ky. June 10, 2009) ("Contrary to Booth's reading of Code 108, the DHO's Report properly focused on the potentially-hazardous intrinsic nature of a cell phone, not on his subjective intent."); *Ward v. Terrell*, 2008 WL 5273720, at *8-*9 (D. Minn. Dec. 17, 2008) (the BOP could permissibly interpret Code 108 to mean that "a prisoner found with a tattoo gun and tattooing needles possessed a 'hazardous tool' even where no evidence exists of the prisoner's intent to use it for a purpose related to the definition of 'hazardous tool'"); *Barnes v. Warden, FCI Texarkana*, 2008 WL 3481942, at *2-*3 (E.D. Tex. Aug. 7, 2008) ("some evidence" supported Code 108 disciplinary conviction for possessing a cell phone even though prisoner argued that he was not using it for criminal conduct).[4]

It is undisputed that an officer found a SIM card in Petitioner's wallet and that the card was an item prohibited by Code 108 as hazardous to institutional security. The DHO made a detailed statement of the evidence upon which she relied to support

---

[4]In upholding disciplinary convictions for other types of infractions, courts have also declined to require a specific determination of intent. *See Sizemore v. Turner*, 35 F.3d 568, *1 (3d Cir. 1994) (table op.) ("[T]he DHO may infer intent where there is 'some evidence' tying the petitioner to the prohibited act."); *Townsend v. Warden, FCC Lewisburg*, 2013 WL 371930, at *9 (M.D. Pa. Jan. 30, 2013) ("The necessary element of the charge, as set forth by the DHO, is to 'deprive of life.' ... The fact that Mr. Townsend did not intend to harm his cellmate is of no import given the outcome of his actions."); *Flores v. Thomas*, 2012 WL 70575, at *7-*8 (D. Or. Jan. 5, 2012) (in reviewing disciplinary conviction for escape, prisoner's intent was "immaterial" where other evidence supported the violation).

his findings, including reports by charging and investigating officers, Petitioner's earlier statement, and his testimony at the DHO hearing. The DHO considered Petitioner's argument that he did not know what the object was when he picked it up. However, as the DHO noted, rather than taking the item to an officer, or leaving the item on the sidewalk and advising an officer, Petitioner proceeded to pick up the SIM card, place it in his wallet, and then place the wallet in his pants pocket. Under these circumstances, "some evidence" supports the DHO's finding that Petitioner "possessed" a potentially hazardous item, in violation of Code 108. Under *Hill*, this Court cannot reweigh the evidence . Thus, the Court concludes that Petitioner's claim is without merit.[5]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, *Doc. #1*, be DENIED, and that this case be dismissed,

---

[5] Petitioner does not allege that he was denied any of the procedural safeguards required by *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the record shows that the minimum due process protections were provided. *See id.* at 563-67 (when a prison disciplinary proceeding results in the loss of good-time credits, inmate must receive: (1) written notice of the disciplinary charges at least twenty-four hours before the hearing; (2) an opportunity to call witnesses and present a defense; and (3) a written statement from an impartial decision-maker identifying the evidence relied upon and the reasons for the disciplinary action).

with prejudice.

      DATED this __23rd__ day of September, 2013.


                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE